JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NICOLE KLEIN

### DEFENDANTS

WILLS EYE HOSPITAL

**(b)** County of Residence of First Listed Plaintiff   CAPE MAY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☐ 2 | U.S. Government Defendant | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq. ("Title VII"); 43 P.S. §951, et seq. ("PHRA"); Phila. Code §9-1101, et seq. ("PFPO").

Brief description of cause:
Plaintiff brings this action against her former employer for sex discrimination, retaliation, and hostile work environment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
September 7, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Avalon, NJ _____

Address of Defendant: _____ Philadelphia, PA 19107 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/7/21 _____  _____  314179

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 9/7/21 _____  _____  314179

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| NICOLE KLEIN | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| WILLS EYE HOSPITAL | : | |
| | : | NO. |
| DEFENDANT. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                 ( )

(c) Arbitration   Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos   Cases involving claims for personal injury or property damage from
exposure to asbestos.                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                 ( )

(f) Standard Management   Cases that do not fall into any one of the other tracks.                 ( X)

September 7, 2021

| | | Plaintiff, Nicole Klein |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICOLE KLEIN** | : | |
| **Avalon, NJ 08202** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **WILLS EYE HOSPITAL** | | |
| **840 Walnut Street** | : | |
| **Philadelphia, PA 19107** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Nicole Klein, brings this action against her former employer, Wills Eye Hospital, as a result of the invidious sex discrimination, retaliation, and hostile work environment to which she was subjected, culminating in the termination of her employment. Defendant's discriminatory and retaliatory conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq*. ("PFPO"). Plaintiff seeks all damages available at law, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

### II.  PARTIES

1.    Plaintiff, Nicole Klein, is a female individual, residing in Avalon, New Jersey.

2.    Defendant, Wills Eye Hospital ("Defendant") is a hospital, maintaining a place of business located 840 Walnut Street, Philadelphia, Pennsylvania 19107.

3.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

4.      At all times material hereto, Defendant acted as an employer of Plaintiff within the meaning of the statutes which form the basis of this matter.

5.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

**III.   JURISDICTION AND VENUE**

6.      The causes of action that form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

7.      The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331.

8.      The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

9.      Venue is proper in the District Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within this District.

10.     On or about April 14, 2020, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination, retaliation, and harassment alleged herein. This complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").    Attached hereto, incorporated herein and marked as "Exhibit A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

11.     On or about June 10, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue.

2

Attached hereto, incorporated herein and marked as "Exhibit B" is a true and correct copy of that notice.

12.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.    FACTUAL ALLEGATIONS**

13.    Plaintiff was employed by Defendant from on or about December 19, 2014 until on or about March 5, 2020.

14.    Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

15.    Plaintiff last held the position of Infection Control, Quality Improvement, and Regulatory Compliance Manager.

16.    In or about 2016, Plaintiff began reporting to Gregory Passanante (male), Chief Nursing Officer.

17.    Passanante subjected Plaintiff to egregious sexual harassment.

18.    Passanante made numerous comments to or about Plaintiff of a sexual and sexist nature, including, without limitation:

      a.    Passanante told Plaintiff that one of his passwords was 69, a reference to the sexual act;

      b.    Passanante commented to Plaintiff that he did not want to touch her "nuts;"

      c.    Passanante told Plaintiff and other female employee that he wanted to hug them;

      d.    Passanante told Plaintiff that he had been accused of sexual harassment at another hospital where he previously worked;

e.   Passanante commented on female employees' and Plaintiff's physical appearance and clothes;

f.   Passanante stated that he was the "boss" and could have anything he wanted;

g.   Passanante commented than a female outside representative wore a dress that was too tight, that her "boobs were hanging out," and that she had big lips; and

h.   Passanante commented that that a Senior Registered Nurse looked "stuffed in her scrubs," and that she was "too big" to wear her scrubs.

19.   Multiple employees told Plaintiff that Passanante hired Plaintiff because she is "pretty" and that he looked at her as "ditzy."

20.   In addition to making sexist comments, Passanante treated female employees, including Plaintiff, in a more hostile, dismissive, and demeaning manner than he treated male employees, including, without limitation,

a.   Passanante got angry at Plaintiff, slammed his hands against a desk, and said that this was his "fucking job" on the line;

b.   Passanante interrupted Plaintiff during meetings;

c.   Passanante belittled the work of Plaintiff and other female employees;

d.   Passanante unjustly criticized the performance of Plaintiff and other female employees and did not criticize male employees whose performance was deficient;

e.   Passanante called a female employee a "fucking idiot;" and

f.   Passanante stated that he yelled at his mother and made her cry.

21.   Plaintiff found Passanante's comments and conduct to be offensive, based on sex,

and contributing to the hostile work environment to which Plaintiff was subjected.

22.     In addition to Passanante's comments and conduct, he also refused to give Plaintiff an additional salary increase despite giving raises to male employees.

23.     In or about 2018, when Plaintiff asked Passanante for a salary increase, he refused and told Plaintiff that she needed to get her master's degree first.

24.     In or about May 2019, after Plaintiff had obtained her master's degree, Passanante nevertheless stated that Plaintiff did not deserve a raise and that she did not know how to manage money.

25.     Plaintiff complained to Kimmel numerous times about Passanante's comments and conduct.

26.     Kimmel repeatedly failed to take corrective action.

27.     Kimmel told Plaintiff that Passanante is sexist and does not like successful women and instructed Plaintiff not to challenge Passanante.

28.     Kimmel instructed Plaintiff not to complain about Passanante, especially because Cynthia Farano (female), Chief Human Resources and Compliance Officer, would not take her side.

29.     Other female employees told Plaintiff that Farano did not respect women and liked male employees better.

30.     On or about January 15, 2020, in a meeting with Farano, Plaintiff complained of sex discrimination.  Plaintiff complained of Passanante's sex-based comments, conduct, and hostility towards her.

31.     Farano instructed Plaintiff to be positive and look for another job.

32.     Defendant failed to remedy or prevent the sex discrimination to which Plaintiff

was subjected.

33.     Defendant failed to investigate Plaintiff's sex discrimination complaints.

34.     After Plaintiff complained of sex discrimination, Passanante was increasingly hostile and dismissive toward her, including, without limitation, ignoring Plaintiff, withholding work-related information, assigning Plaintiff's job duties to other employees, criticizing Plaintiff performance, and speaking over Plaintiff:

35.     On or about January 17, 2020, in a meeting with Kimmel, Plaintiff complained of sex discrimination and retaliation.

36.     On or about January 21, 2020, in a meeting with Passanante and Farano, Farano stated that she told Passanante about Plaintiff's meeting with her on January 15, 2020, wherein Plaintiff complained of sex discrimination.

37.     Farano again stated that Plaintiff should look for another job and provided her with contact information for a recruiter.  Passanante additionally stated that Plaintiff should look for another job.

38.     On or about January 22, 2020, in a meeting with Farano, Plaintiff complained that Passanante was retaliating against Plaintiff.  Plaintiff stated that she felt like Passanante was trying to push her out.

39.     Farano instructed Plaintiff to avoid Passanante and look for another job.

40.     Defendant failed to remedy or prevent the sex discrimination and retaliation to which Plaintiff was subjected.

41.     Defendant failed to investigate Plaintiff's sex discrimination and retaliation complaints.

42.     On or about March 5, 2020, in a meeting with Passanante and Farano, Defendant

6

terminated Plaintiff's employment, effective immediately.

43.     The stated reason for Plaintiff's termination was position elimination.

44.     Plaintiff was the only employee at Defendant whose position was allegedly eliminated effective March 5, 2020.

45.     Defendant hired a new employee who assumed the majority of Plaintiff's job duties.

46.     Defendant's articulated explanation is a pretext.

47.     Plaintiff's sex was a motivating and/or determinative factor in Defendant's treatment of Plaintiff, including failing to give her a salary increase and the termination of her employment.

48.     Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendant's treatment of Plaintiff, including the termination of her employment

49.     Defendant subjected Plaintiff to a hostile work environment because of her sex and/or her complaints of discrimination and retaliation.

50.     Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free of discriminatory and retaliatory conduct.

51.     Plaintiff was subjected to severe and/or pervasive conduct that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

52.     The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

53.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

54.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

55.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## <u>COUNT I – TITLE VII</u>

56.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

57.     By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated Title VII.

58.     Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's protected rights, thereby warranting the imposition of punitive damages.

59.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

60.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of Title VII unless and until this Court grants the relief requested herein.

61.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

62.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

63.     By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated the PHRA.

64.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

65.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the PHRA unless and until this Court grants the relief requested herein.

66.     No previous application has been made for the relief requested herein.

## COUNT III – PFPO

67.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

68.     By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated the PFPO.

69.     Said violations warrant the imposition of punitive damages.

70.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

71.     Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of Defendant's violations of the PFPO unless and until this Court grants the relief requested herein.

72.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g) awarding back pay and front pay;

(h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i) awarding punitive damages to Plaintiff;

(j) awarding Plaintiff such other damages and relief as is appropriate under Title VII, the PHRA, and the PFPO;

(k) awarding Plaintiff attorneys' fees;

(l)  awarding Plaintiff the costs of suit, expert fees and other disbursements; and

(m) granting such other and further relief as this Court may deem just, proper, or equitable

including other equitable and injunctive relief providing restitution for past violations

and preventing future violations.


                                                    **CONSOLE MATTIACCI LAW, LLC**


Dated:      September 7, 2021              By:   _____
                                                    Lane J, Schiff, Esquire
                                                    1525 Locust St., 9th Floor
                                                    Philadelphia, PA 19102
                                                    (215) 545-7676

                                                    Attorney for Plaintiff,
                                                    Nicole Klein

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

_____

| | |
|---|---|
| COMPLAINANT: | : |
| | : |
| **NICOLE KLEIN** | :          Docket No. |
| | : |
| v. | : |
| | : |
| RESPONDENTS: | : |
| | : |
| **WILLS EYE HOSPITAL** | : |
| | : |
| and | : |
| | : |
| **GREGORY PASSANANTE, aider and abettor** | : |
| | : |
| **and** | : |
| | : |
| **CYNTHIA FARANO, aider and abettor** | : |

_____ :

1.  The Complainant herein is:

    Name:                    Nicole Klein

    Address:              REDACTED
                              Avalon, NJ 08202

2.  The Respondents herein are:

    Names:                Wills Eye Hospital ("Respondent Entity"); Gregory
                              Passanante, aider and abettor ("Respondent Passanante");
                              Cynthia Farano, aider and abettor ("Respondent Farano")

    Address:              840 Walnut Street
                              Philadelphia, PA 19107

3.   I, <u>Nicole Klein</u>, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female) and unlawful retaliation because of my complaints of

sex discrimination, as set forth below.

**<u>Discrimination and Retaliation</u>**

**A.  I specifically allege:**

[1]        I was hired by Respondent Entity on or about December 19, 2014.

[2]        I consistently performed my job duties in a highly competent manner, and

received positive feedback.

[3]        I last held the position of Infection Control, Quality Improvement, and

Regulatory Compliance Manager.

[4]        I last reported to Respondent Gregory Passanante (male), Chief Nursing

Officer.  Respondent Passanante reported to Joseph Bilson (male), Chief Executive Officer.

[5]        Respondent Passanante made comments to me of a sexual and sexist

nature.

[6]        In a leadership staff meeting, Respondent Passanante stated that he had

been accused of sexual harassment at another hospital where he was previously employed.

[7]        Respondent Passanante commented to me REDACTED (female),

Administrative Assistant, and me that one of his passwords was 69.  I understood this to be a

sexual reference.

[8]        Respondent Passanante commented to me that he did not want to touch my

nuts.

[9]        Respondent Passante commented on female employees' and my physical appearance and clothes.  I never heard Respondent Passante commenting on male employees' physical appearance or clothes.

[10]        Respondent Passante commented that REDACTED (female), Outside Representative, wore a dress that was too tight, that her "boobs were hanging out," and that she had big lips.

[11]        Respondent Passante commented that REDACTED (female), Senior Registered Nurse, looked "stuffed in her scrubs," and that she was "too big" to wear her scrubs.

[12]        Employees told me that Respondent Passante hired me because I was "pretty" and "ditzy."

[13]        Employees told me that Respondent Passante looked at me as a "ditzy" woman.

[14]        Swartz (female) and John Kimmel (male), Director of Nursing, told me that Respondent Passante did not like to be challenged or told what to do by women.

[15]        Respondent Passante yelled at REDACTED (female), Nurse, asking what was wrong with her and calling her "a fucking idiot."  I never heard Respondent Passante speak to a male employee in the same way.

[16]        Respondent Passante told REDACTED (female), Project Manager, that he was her boss and he could have anything he wanted.

[17]        Respondent Passante told REDACTED (female) that he yelled at his mom and made her cry.

[18]        Respondent Passante interrupted me during meetings.

[19]     Respondent Passanante belittled the work that female employees, including me, did.

[20]     Respondent Passanante treated female employees, including me, in a more hostile, dismissive, and demeaning manner than he treated male employees.

[21]     Respondent Passanante treated male employees more favorably than he treated female employees, including me.

[22]     Respondent Passanante unjustly criticized female employees, including me, and did not criticize male employees whose performance was deficient.

[23]     I found Respondent Passanante's comments and conduct to be offensive, based on sex, and contributing to the hostile work environment to which I was subjected.

[24]     When Respondent Passanante engaged in comments and conduct of a sexual and sexist nature, I objected.

[25]     In or about 2018, when I asked Respondent Passanante for a salary increase, he refused and told me that I needed to get my master's degree first.

[26]     In or about May 2019, after I had obtained my master's degree, Kimmel (male) told me that he had asked Respondent Passanante if I was now entitled to a raise, as I had obtained my master's degree and was Manager of three areas: Infection Control; Quality Improvement; and Regulatory Compliance.  Kimmel told me that Respondent Passanante stated that I did not deserve a raise and that I did not know how to manage my money.  Kimmel told me that Respondent Passanante took Kimmel and other male employees out for drinks and told them that he would get them more money.

[27]     Respondents failed to give me a salary increase because of my sex.

[28]     Kimmel (male) told me that Respondent Passanante is sexist and does not like successful women, and instructed me not to challenge Respondent Passanante.

[29]     Kimmel (male) instructed me not to complain about Respondent Passanante, especially because Respondent Cynthia Farano (female), Chief Human Resources and Compliance Officer, would not take my side.

[30]     Female employees told me that Respondent Farano did not respect women and liked male employees better.

[31]     In or about the end of December 2019, Respondent Passanante came into my office and told me that he was going to give me a hug.  I told him no, and refused his touch.  Later that day, REDACTED (female) came into my office and told me that Respondent Passanante went into her office and hugged her.  She stated that it made her feel uncomfortable.

[32]     In or about the end of December 2019, following the above, I complained to Kimmel (male) that Respondent Passanante tried to hug me in my office.

[33]     Respondent Entity failed to remedy or prevent the sex discrimination to which I was subjected.

[34]     Respondent Entity failed to investigate my sex discrimination complaints.

[35]     On or about January 15, 2020, in a meeting with Respondent Farano, I complained of sex discrimination.  I complained of Respondent Passanante's sex-based comments, conduct, and hostility toward me.  Respondent Farano instructed me to be positive and look for another job.

[36]     Respondent Entity failed to remedy or prevent the sex discrimination to which I was subjected.

[37]     Respondent Entity failed to investigate my sex discrimination complaints.

[38]     After I complained of sex discrimination, Respondent Passanante was increasingly hostile and dismissive toward me, and treated me differently and worse than before I had complained of sex discrimination and differently and worse than male and/or noncomplaining female employees.

[39]     Respondent Passanante ignored me and avoided me.

[40]     Respondent Passanante withheld work-related information, support, and resources from me, and excluded me from meetings and communications necessary to do my job.

[41]     Respondent Passanante unjustly criticized my performance.

[42]     Respondent Passanante spoke over me in meetings.

[43]     Respondent Passanante circumvented me and assigned certain of my job duties and responsibilities to other employees.

[44]     On or about January 17, 2020, in a meeting with Kimmel (male), I complained of sex discrimination and retaliation.  I complained of Respondent Passanante's sex-based comments and hostility toward me, and complained that Respondent Passanante's hostility toward me worsened after I complained about him to Respondent Farano.

[45]     On January 21, 2020, in a meeting with Respondent Passanante and Respondent Farano, Respondent Farano stated that she told Respondent Passanante about our meeting on January 15, 2020.  Respondent Farano again stated that I should look for another job and provided me with contact information for a recruiter.  Respondent Passanante also stated that I should look for another job.

[46]     On January 22, 2020, in a meeting with Respondent Farano, I complained that Respondent Passanante was retaliating against me because of my complaints by treating me

in an increasingly hostile manner, making it difficult for me to do my job, and unfairly criticizing

my performance. I stated that I felt like Respondent Passanante was trying to push me out.

Respondent Farano instructed me to avoid Respondent Passanante and look for another job.

[47]    Respondent Entity failed to remedy or prevent the sex discrimination and

retaliation to which I was subjected.

[48]    Respondent Entity failed to investigate my sex discrimination and

retaliation complaints.

[49]    Antinucci (female) told me that she believed that Respondent Farano told

Respondent Passanante about the sex discrimination complaint I made to Respondent Farano on

January 15, 2020 and that Respondent Passanante was retaliating against me for it.

[50]    On March 5, 2020, in a meeting with Respondent Passanante and

Respondent Farano, Respondent Entity terminated my employment, effective immediately.

Before I had complained of sex discrimination, I had no indication my job was in jeopardy. The

stated reason for my termination was position elimination.

[51]    Respondents terminated my employment because of my sex and/or my

complaints of sex discrimination.

[52]    I was the only employee at Respondent Entity who was terminated

effective March 5, 2020.

[53]    Respondents subjected me to a hostile work environment because of my

sex and/or my complaints of sex discrimination.

[54]    Respondent Entity failed to remedy or prevent the sex discrimination and

retaliation at Respondent Entity.

[55]    I had no opportunity to remain employed with Respondent Entity.

[56]     Respondent Entity assigned my job duties to Vinit Awatramani (male), Human Resources Business Partner, John Knapp (male), Patient Safety Officer and Patient Registration Coordinator, Patricia Middaugh (female), Quality Project Manager, and Kimmel (male).  I was more qualified to perform my job duties than the male and/or noncomplaining employees to whom Respondents assigned my job duties.

[57]     Respondents' sex discriminatory and retaliatory conduct and comments have caused me emotional distress.

[58]     Respondents' sex discriminatory and retaliatory conduct and comments constitute a continuing violation.

[59]     Respondents' comments and conduct evidence a bias against female and/or complaining employees.

[60]     Respondent Entity has an underrepresentation of female employees, particularly in high-level positions.

[61]     Respondent Passanante aided and abetted Respondent Entity in subjecting me to sex discrimination and retaliation.

[62]     Respondent Farano aided and abetted Respondent Entity in subjecting me to sex discrimination and retaliation.

[63]     **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondents who are female, and have been discriminated against based on sex, in connection with the terms and conditions of their employment, including being subjected to a hostile work environment, failure to promote, compensation, and/or termination**.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female) and retaliated against me because of my complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

 __X__     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d); (e)**

\_\_\_\_     Section 5.1 Subsection(s) _____

\_\_\_\_     Section 5.2 Subsection(s) _____

\_\_\_\_     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

 __X__     **This charge will be referred to the EEOC for the purpose of dual filing.**

6.     The Complainant seeks that Respondent be required to:

(a)  Make the Complainant whole.

(b)  Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c)  Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

**<u>VERIFICATION</u>**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_____          _____
(Date Signed)                              (Signature)     Nicole Klein
                                                           REDACTED
                                                           Avalon, NJ 08202

# EXHIBIT B

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Nicole Klein**<br>REDACTED<br>**Avalon, NJ 08202** | From: | **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |
|---|---|---|---|

|   | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |   |   |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2021-60011** | **Damon A. Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| X | More than 180 days have passed since the filing of this charge. |
|---|---|
|   | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| X | The EEOC is terminating its processing of this charge. |
|   | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

|   | The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|

|   | The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |
|---|---|

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R Hutter*                                                 June 10, 2021

Enclosures(s)                         **Dana R. Hutter,**                        *(Date Issued)*
                                      **Deputy Director**

cc:       **For Respondent**                                      **For Charging Party:**
                                                                  **Lane J. Schiff, Esq.**
          **Howard A. Rosenthal, Esq.**                           **Console Mattiacci Law, LLC**
          **Archer Law**                                          **Via email: schiff@consolelaw.com**
          **Via email: hrosenthal@archerlaw.com**